UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Esteban Martinez Vazquez,

      Plaintiff,

v.

TL Edina LLC d/b/a Taco Libre, St. Paul
Hospitality Systems LLC d/b/a Taco Libre,
Mpls Hospitality Systems LLC d/b/a Taco
Libre, TL Enterprise 1 LLC d/b/a Taco
Libre, Adrian Ramirez, and Diana Martinez
Herrera,

      Defendants.

File No. 19-cv-2006 (ECT/DTS)

**ORDER**

_____

The Parties have filed a Joint Motion for Approval of Settlement Agreement. ECF No. 46.[1] "A district court may only approve a settlement agreement in a case brought under § 216(b) of the FLSA after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties." *Williams v. BPV Market Place Investors, L.L.C*, No. 4:14-CV-1047 CAS, 2014 WL 5017934, at *1 (E.D. Mo. 2014) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982));

---

[1] It is not entirely clear whether court approval is necessary here. *See Ezell v. Acosta, Inc.*, No. 4:16CV870 RLW, 2019 WL 8160704, at *1 (E.D. Mo. Apr. 4, 2019) ("The Court first notes that the law is unsettled as to whether judicial approval of a proposed settlement of FLSA claims is required in the absence of a certified class.") (collecting cases); *compare Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015) ("After commencing litigation, employees can waive their rights only if the parties agree on a settlement amount and the district court enters a stipulated judgment."), *with Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("recogniz[ing] an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," but "not address[ing the] issue").

*see Johnson v. Thomson Reuters*, No. 18-cv-0070 (PJS/HB), 2019 WL 1254565, at *2 (D. Minn. Mar. 19, 2019) (reviewing an FLSA settlement to ensure there is a bona fide dispute and the settlement is a fair and reasonable resolution of that dispute).

"A 'bona fide dispute' exists when there are 'issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" *Johnson*, 2019 WL 1254565, at *2 (quoting *Lynn's Food Stores*, 679 F.2d at 1354). The litigation here involves a bona fide dispute regarding the FLSA. Plaintiff brought this suit against his former employers in part to recover allegedly unpaid overtime wages under the FLSA. *See* Am. Compl. ¶¶ 74–75, 78, 120–29 [ECF No. 18]. The defendant employers denied that the Plaintiff worked overtime and denied that any overtime wages were owed to Plaintiff. *See* Joint Answer of Defendants TL Edina LLC, St. Paul Hospitality Systems LLC, Mpls Hospitality Systems LLC, TL Enterprise 1 LLC, and Adrian Ramirez ¶¶ 74–75, 78, 120–29 [ECF No. 21].

"To determine whether the parties' dispute was settled in a 'fair and reasonable' manner, the Court should consider the 'totality of the circumstances.'" *Johnson*, 2019 WL 1254565, at *4 (quoting *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D.D.C. 2014)). Relevant factors to consider when assessing the totality of the circumstances include the complexity, expense, and likely duration of the case; the stage of the proceedings; the experience of counsel; the conduct of the parties during settlement; and whether the settlement was the product of arm's-length negotiations between represented parties. *Id.* Here, all Parties were represented by counsel throughout the proceedings, and the settlement agreement is the product of arm's-length negotiations after extensive written

discovery. There is no evidence that any Party overreached during the settlement negotiations, and the Parties agree that the settlement is fair, reasonable, adequate, and in their best interests. Although the FLSA claims alone do not appear to be overly complex, the amended complaint alleges additional claims under the Trafficking Victims Protections Reauthorization Act, the Minnesota Labor Trafficking Crimes statute, the Minnesota Fair Labor Standards Act, and the Minnesota Payment of Wages Act that add significantly to the overall complexity of this case and would likely add to the expense and duration of the litigation were it to continue. Considering these factors among the totality of the circumstances here, the settlement agreement entered into by the Parties is fair and reasonable and settles a bona fide dispute under the FLSA.[2] Accordingly, the Parties' Joint Motion for Approval of Settlement Agreement [ECF No. 46] is **GRANTED** and the Settlement Agreement is **APPROVED**.

 **SO ORDERED.**

Date:  May 4, 2020             s/ Eric C. Tostrud
                      Eric C. Tostrud
                      United States District Court

---

[2] As with the question whether court approval of FLSA settlement agreements is required, it is not entirely clear that a district court must review attorneys' fees included in an FLSA settlement agreement. *See Melgar*, 902 F.3d at 779 ("assum[ing] without deciding that the district court has a duty to exercise some level of review of the Agreement and the attorneys' fee award"). Where, as here, the Parties have included attorneys' fees in a settlement agreement, the Eighth Circuit has directed district courts to afford "a certain level of deference" to the Parties' determination of reasonable attorneys' fees. *Id.* With this in mind, the agreed-upon attorneys' fees are fair and reasonable, especially as Plaintiff's counsel conducted significant written discovery and successfully defended against a motion to dismiss. *See* ECF No. 30.